UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aven Lamar Shariff Sellers, | C/A No. 2:12-2263-MGL-BHH |
| Plaintiff, | |
| vs. | **Report and Recommendation** |
| Sheriff Sam Parker;<br>Administrator Richie;<br>Lt. Gillespie;<br>Chesterfield SC Detention Center;<br>Federal Attorney Jay Wallace Jordan;<br>United States District Courts Booking Marshal,<br>*Florence S.C.*, | |
| Defendants. | |

## *Background of this Case*

Plaintiff is a federal detainee at the Chesterfield County Detention Center in Chesterfield, South Carolina. Plaintiff pled guilty on May 9, 2012, and is awaiting sentencing in *United States v. Aven Lamar Shariff Sellers,* Cr. 4:11-2161-TLW-9.

Plaintiff was incarcerated when his mother was killed in a motor vehicle accident on January 22, 2012. Plaintiff requested to be allowed to attend the "viewing" of his mother's body at a funeral home in Cheraw (a municipality in Chesterfield County), and was told by jail officials that there would be a fee. Ultimately, Plaintiff was not able to attend the viewing of his mother's body. Plaintiff alleges that he now has emotional distress because he was not able to attend the viewing of his mother's body. In his prayer for relief, Plaintiff seeks

a court order reprimanding and fining Defendants, punitive damages, and any other action deemed to be justified by this Court.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[*] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319, 321–23 (1972)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1951–52 (2009). Even when considered under this less stringent standard,

---

[*]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

the Complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The undersigned is treating the above-captioned case as a Section 1983 action against the state and county defendants (Sheriff Sam Parker, Administrator Richie, Lt. Gillespie, and the Chesterfield County Detention Center), but is treating the case as a *Bivens* action against Attorney Jay Wallace Jordan and the Booking Marshal. In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights.

A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814–20 & n. 30 (1982). *Harlow*, which is often cited for the principle of the qualified immunity of state officials for acts within the scope of their employment, was brought against a federal official. In footnote 30 of the opinion in *Harlow*, the Supreme Court stated that *Harlow* was applicable to state officials sued under 42 U.S.C. § 1983. In other words, case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006); and *Starling v. United States*, 664 F. Supp. 2d 558, 561 (D.S.C. 2009) ("*Bivens* allows an action against federal employees for violations of constitutionally protected rights. A *Bivens* action is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983.").

The denial of the plaintiff's request to be allowed to attend the viewing of his mother's body does not state a viable civil rights claim. Although both state and federal prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). It can judicially noticed that an order of detention pending trial had been entered in Plaintiff's pending federal criminal case, *United States v. Aven Lamar Shariff Sellers,* Cr. 4:11-2161-TLW-9, at ECF No. 125, when the Honorable Thomas E. Rogers, III, United States Magistrate Judge, on October 3, 2011, entered an order of detention pending trial.

The few federal district courts to address the issue have held that a prisoner has no constitutional right to attend a relative's funeral. *See, e.g., Sorenson v. Minnesota Dept. of Corr.*, Civil No. 12-1336 ADM/AJB, 2012 WL 3143927 (D. Minn. Aug. 2, 2012):

> The facts as alleged focus on Plaintiff's right to attend a relative's funeral. As Judge Boylan recognized, there is no constitutional right to leave prison for a funeral. *See, e.g., Smith v. Cal. Cnty. of Corrections*, No. 11–9052, 2012 WL 1901982, at *3 n. 2 (C.D. Cal. May 1, 2012),("Courts have ... concluded that there is no constitutional right for an inmate to attend a family member's funeral."); *Robinson v. City of New York*, No. 10–CV–4947, 2011 WL 318093, at *2 (E.D.N.Y. Jan. 31, 2011) ("Prisoners do not have a constitutionally protected interest in attending the funeral of a relative."); *Williams v. Terrell*, Civ. A. No. 2:1–cv–87, 2011 WL 6181446, at *2 (W.D. La. Nov. 14, 2011) ("A prisoner simply has no federal statutory or constitutional right to attend a relative's funeral."); *Walters v. Washington Cnty. Jail*, No. 07–5113, 2007 WL 2710433, at *2 (W.D. Ark. Sept. 13, 2007) ("[T]here is no constitutional right for a detainee to be released from incarceration to attend a family member's funeral."). Therefore, the facts do not support a constitutional injury for which there is a legal remedy.

*Sorenson v. Minnesota Dept. of Corr.*, 2012 WL 3143927, at *2.

Although the aforementioned case concern funerals, not a viewing or a wake, a United States Court of Appeals has held that such case law is applicable to wakes. *See Rathers v. Raney*, No. 99–6627, 238 F.3d 243 [Table], 2000 WL 1871702, at *2 (6th Cir. Dec. 13, 2000) ("An inmate has no liberty interest in attending a family member's wake or funeral, as the denial of such an opportunity does not impose an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

In any event, none of the persons or entities listed as Defendants in this case could have granted Plaintiff's request to allow him to attend the viewing of his mother's body in Cheraw because an order of detention pending trial had been entered in Plaintiff's federal criminal case on October 3, 2011. *See Horton v. Marovich*, 925 F. Supp. 540, 543 (N.D. Ill. 1996) ("Thus, a plaintiff suing a government official in his individual capacity and therefore seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of a federal right."); and *Smith v. Beasley*, Civil Action Nos. 0:07-1641-HFF-BM and 0:07-1642-HFF-BM, 2007 WL 2156632, at *2 (D.S.C., July 25, 2007) (adopting magistrate judge's Report and Recommendation, which cites *Horton v. Marovich*).

Plaintiff is not entitled to compensatory or punitive damages for mental or emotional distress and anguish. See 42 U.S.C. § 1997e(e); and *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 558–59 (D.S.C. 2008) (collecting cases).

Moreover, Plaintiff's attorney in his federal case, Mr. Jordan, is entitled to summary dismissal because he has not acted under color of state or federal law. *See Am. Mfr. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50–52 (1999); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); and *Hall v. Quillen*, 631 F.2d 1154, 1155–56 & nn. 2–3 (4th Cir. 1980).

In addition, the Chesterfield County Detention Center is not a person subject to suit pursuant to Section 1983. The Chesterfield County Detention Center is a group of buildings or a facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Hence, the Chesterfield County Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); and *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."), which are cited in *Jones v. Lexington Cnty. Det. Ctr.*, 586 F. Supp. 2d 444, 451 (D.S.C. 2008); *cf. Roach v. West Virginia Reg'l Jail and Corr. Facility*, 74 F.3d 46, 48 (4th Cir. 1996) (the futility of a remand to West Virginia state court did not provide an exception to the "plain meaning" of old § 1447(c), even though West Virginia Regional Jail and Correctional Facility Authority was not a "person" subject to suit under 42 U.S.C. § 1983). Therefore, the Chesterfield County Detention Center is entitled to summary dismissal as a party defendant.

Finally, this Court cannot "reprimand" Defendants. *See Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire, remove, or reassign officials not within the executive control of that federal district court), *citing United States v. White Cnty. Bridge Comm'n*, 275 F.2d 529, 535 (7th Cir. 1960).

## *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the important Notice on the next page.

August 17, 2012  s/Bruce Howe Hendricks
Charleston, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk of Court**
> **United States District Court**
> **Post Office 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).