IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Aven Lamar Shariff Sellers, ) | Civil Action No. 2:12-2263-MGL |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| v. ) | |
| ) | |
| Sheriff Sam Parker; Administrator Richie; ) | |
| Lt. Gillespie; Chesterfield SC Detention ) | |
| Center; Federal Attorney Jay Wallace ) | |
| Jordan; United States District Courts ) | |
| Booking Marshal, Florence S.C., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Aven Sellers ("Plaintiff") is a federal detainee presently confined at the Florence County Detention Center. On August 9, 2012, Plaintiff, proceeding *pro se* filed this civil action against several state, county, and federal defendants alleging he suffered severe emotional distress after having received false information. (ECF No. 1.) Plaintiff seeks a court order reprimanding and fining Defendants, punitive damages, and any other relief the court deems justified. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On August 17, 2012, Magistrate Judge Hendricks issued a Report and Recommendation recommending this court dismiss Plaintiff's complaint without prejudice and without service of process. (ECF No. 10.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C.

§ 636(b)(1). The court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made.

Plaintiff objected to the Magistrate Judge's recommendation to this court on September 6, 2012 ("Objections"). (ECF No. 12.) The court reviewed the Objections and will discuss them in greater detail below in conjunction with its review of the Magistrate Judge's analysis. After conducting a *de novo* review of the Objections and considering the record, applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees that this matter should be dismissed without prejudice and without service of process.

## ANALYSIS

The Magistrate Judge analyzed this case as a 42 U.S.C. § 1983 case against state and county officials Sheriff Sam Parker, Administrator Ritchie, Lt. Gillespie, and the Chesterfield County Detention Center and as a *Bivens*[1] action against Attorney Jay Wallace Jordan and the Booking Marshal. In his complaint, Plaintiff states that on January 22, 2012, while he was incarcerated, his mother passed away in a car accident and that he requested permission to be able to attend the viewing of the body at a nearby funeral home. (ECF No. 1 at 3.) He claims he was told by jail officials that a fee would be imposed to view the body but later learned from his federal attorney and a booking marshal of a fee associated with transportation to a funeral but that no fee is charged for transportation to view a body. (ECF No. 1 at 4.) Ultimately, Plaintiff was unable to attend the

---

[1] In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights which is analogous to a claim brought pursuant to 42 U.S.C. § 1983.

viewing and claims that the process of trying to obtain permission to attend the viewing, receiving "false information," and being unable to attend caused him distress, pain, and suffering. (ECF No. 1 at 5.)

The Magistrate Judge concluded that the denial of Plaintiff's request to be allowed to attend the viewing of his mother's body does not state a viable civil rights claim. (ECF No. 10 at 4.) In reaching her conclusion, the Magistrate Judge considered several federal cases which conclude that a prisoner has no constitutional right to attend a relative's funeral. (ECF No. 10 at 4-5.) The Magistrate Judge also concluded that: 1) none of the listed Defendants could have granted Plaintiff's request to allow him to attend the viewing because an order of detention pending trial had already been entered in Plaintiff's federal criminal case; 2) Plaintiff is not entitled to compensatory or punitive damages for mental or emotional distress or anguish; 3) Plaintiff's attorney in his federal case had not acted under color of state or federal law; 4) the Chesterfield County Detention Center is not a person subject to suit under 42 U.S.C. § 1983; and 5) this court cannot "reprimand" Defendants. (ECF No. 10 at 5-6.) This court agrees with these conclusions.

While Plaintiff has filed objections to the Report and Recommendation, he has not made any arguments in his Objections that change the well-reasoned analysis set forth by the Magistrate Judge recommending summary dismissal. Plaintiff states his general agreement with the Magistrate Judge's discussion of the background of the claim and but then contends that his argument is really about the false information he claims to have received from the state and county jail officials. He further seeks the appointment of an attorney to represent him in this matter. (ECF No. 12 at 1-2.)

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred'" by the Constitution and laws of the United

-3-

States. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)); *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's complaint is subject to dismissal because it fails to allege the deprivation of a constitutional or other federally-protected right. To the extent Plaintiff complains that Defendants lied to him or gave him false information, the court is unaware of any independent constitutional right not to be misinformed or misled by jail officials. The court finds that the Magistrate Judge correctly applied the relevant and applicable standards and case law to analyze the merits of Plaintiff's claims.

## CONCLUSION

After a careful review of the record, the applicable law, and the Report and Recommendation and Objections, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference. This action is DISMISSED without prejudice and without service of process in accordance with the Report and Recommendation issued in this case. (ECF No. 10.) Plaintiff's requests for court-appointed counsel[2] (ECF No. 12 at 2) and to drop Defendants Federal Attorney Jay Wallace Jordan and United States Booking Marshal of Florence, South Carolina (ECF No. 12-1) are DENIED as MOOT in light

---

[2] There is no constitutional right to have counsel appointed in a civil case. *Whisenant v. Yaum*, 739 F.2d 160, 163 (4th Cir. 1984). This court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201, 1203 (4th Cir. 1971). The court, however, may appoint counsel in § 1983 cases only when exceptional circumstances exist. *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). After a review of the record, the court finds that, at this time, this is not a case which clearly reflects a need for the plaintiff to have counsel appointed.

of this Order which summarily dismissed the above-captioned case in its entirety.

  **IT IS SO ORDERED**.

              s/Mary G. Lewis
              United States District Judge

Spartanburg, South Carolina
June 3, 2013